UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| BANK OF LAS VEGAS, | 2:12-cv-00940-MMD -VCF |
| Plaintiff, | **ORDER** |
| vs. | |
| STEVEN R. COLE, *et al.*, | **(Motion To Compel Computation of Damages** |
| Defendants. | **and For Sanctions #17)** |

Before the court is defendants Steven R. Cole *et al*'s Motion To Compel Computation of Damages and For Sanctions. (#17). Plaintiff Bank of Las Vegas filed an Opposition (#18), and defendants filed a Reply. (#19).

**A.   Background**

On April 18, 2012, plaintiff Bank of Las Vegas filed its complaint in the Eighth Judicial District Court, Clark County, Nevada, asserting claims for (1) negligence, (2) professional malpractice, (3) breach of statutory duty, and (4) negligent misrepresentation against several defendants. (#1 Exhibit A). On June 4, 2012, the action was removed to this court based on diversity of citizenship under 28 U.S.C. § 1332 and §§ 1441(a)-(c). (#1). On June 25, 2012, and July 5, 2012, defendants filed motions to dismiss claims three and four and to strike paragraphs four and five of plaintiff's complaint (#1 Exhibit A). (#6 and #9). On August 27, 2012, the parties filed a joint discovery plan and scheduling order, stating that the parties conducted a Rule 26(f) conference on July 25, 2012, and agreed to a discovery period of 270 days. (#15). The court signed the discovery plan and scheduling order on August 28,

2012.  (#16).  On September 13, 2012, defendants filed the instant motion to compel plaintiff's computation of damages and for sanctions.  (#17).

    **B.**    **Motion To Compel**

        **1.**    **Relevant Facts**

Plaintiff did not serve its initial disclosures on August 7, 2012, as required by Federal Rule of Civil Procedure 26.  (#17).  On August 15, 2012, defendants contacted plaintiff regarding the initial disclosures and the calculation of damages.  (#17 Exhibit A).  On August 20, 2012, defendants received plaintiff's initial disclosures, which are allegedly incomplete.  (#17 and #19).  The initial disclosures did not include the computation of damages or documents relating to the loans plaintiff allegedly made in reliance on defendants' appraisals.  *Id.*  On August 23, 2012, defendants contacted plaintiff seeking the computation of damages and other documents by August 29, 2012.  (#17 Exhibit B).  On August 28, 2012, plaintiff sent a letter to defendant stating that the loan documents were "currently unavailable," but that counsel anticipated to be able to produce the documents by September 5, 2012.  (#17 Exhibit C).  Plaintiff's counsel did not mention to computation of damages in this letter.  *Id.*

On September 5, 2012, plaintiff's counsel called defense counsel and left a message regarding the requested documents.  (#17).  Defense counsel returned the call, but had to leave a message.  *Id.*  No documents were received on the September 5, 2012, deadline.  *Id.*  On September 11, 2012, plaintiff provided defendants with plaintiff's First Supplemental Disclosures (#17 Exhibit D), which did not include the computation of damages.  *Id.*  Upon receipt of the supplemental disclosures, defense counsel faxed a letter to plaintiff's counsel regarding the disclosures and the fact that the computation of damages was not included.  (#17 Exhibit D).  Defense counsel requested the computation by September 12, 2012, and stated that a failure to provide the same would result in defendants filing a motion with the court.  *Id.*  As of September 13, 2012, the date of filing the motion, defendants had not received plaintiff's computation of damages.  (#17).

### 2. Arguments

Defendants assert that plaintiff "must be ordered to provide a calculation of damages as required by Fed. R. Civ. P. 26(a)(1)(A)," and that the defendants "must be awarded sanctions [in the amount of $1,500] for having to bring the instant motion." (#17). Defendants argue that plaintiff has "repeatedly disregarded deadlines" and "refused to provide even the most basic of information-a computation of damages (which is likely readily available to it as [p]laintiff just finished trial in which it provided evidence of its alleged damages)." *Id.*

On September 24, 2012, plaintiff filed an opposition to defendants' motion, stating that "[p]laintiff served its Plaintiff's Preliminary Damages Calculation on [d]efendants on September 24, 2012," and that "[i]n order to provide the damages calculations it was necessary for counsel for [p]laintiff in this action to communicate both with representatives of Bank of Las Vegas as well as counsel handling the state court action." (#18). Plaintiff asserts that "[t]here was no intent to delay these proceedings," and that the court should deny the motion to compel and for sanctions (#17). *Id.*

Defendants argue in their reply that the court must award expenses under Rule 37 for being forced to file the motion to compel, and assert that even after they filed the motion, plaintiff continued to "hide the ball." (#19). Defendants point out that the computation of damages, which is the subject of the motion to compel (#17), was not attached as an exhibit to the plaintiff's opposition (#18), faxed, emailed, or served upon defendants despite the fact that plaintiff represented to the court that it had served defendants with the computation. *Id.* Defendants assert that since they had not received the computation of damages on September 25, 2012, they called plaintiff's counsel who informed them that the computation was mailed on September 24, 2012. *Id.* Defendants followed up with plaintiff's counsel at the close of the day on September 25, 2012, requesting that the computation be faxed the next day. (#19 Exhibit A). On September 26, 2012, plaintiff's counsel faxed defense counsel a letter stating

that plaintiff's counsel's assistant had offered to fax a courtesy copy to defense counsel on the 25th. (#19 Exhibit B). Counsel's September 26, 2012, fax did not include the computation of damages. *Id.*

Defense counsel responded to the fax asserting that there was no offer by plaintiff's counsel's assistant to fax the computation and asking for plaintiff's counsel to fax and email defense counsel the computation. (#19 Exhibit C). Defense counsel did not receive a response to the request. (#19). Defendants assert that "[i]t was not until the evening of September 26, 2012, that [d]efendants were in receipt of a broad calculation of damages that is likely erroneous at best." *Id.* Plaintiff's preliminary computation of damages indicates that the total preliminary loss is $1,576,932.93. (#19 Exhibit D).

Defendants assert that sanctions must awarded for defendants being forced to "expend considerable resources in an attempt to obtain a simple calculation of damages that [p]laintiff had all along..." (#19). Defendants state that pursuant to Rule 37, plaintiff should be ordered to pay defendants' reasonable expenses including attorneys' fees incurred in bringing the motion to compel, totaling $4,033.50. *Id.* Defense counsel states in his affidavit that he and his colleagues spent the following time attempting to acquire the computation of damages: 5.1 hours on legal research and preparing strategy going forward, 2.6 hours preparing correspondence to the client and plaintiff's counsel, .5 hours in phone conferences and meet and confers with plaintiff's counsel, and 11.1 hours preparing and outlining issues for defendants' motion to compel and related reply. (#19 Exhibit F).

Defendants also assert that plaintiff's counsel had a responsibility under Rule 11 to perform a reasonable inquiry into his client's allegations *before* filing suit, and that had counsel complied, he "would never have to wait to talk with the Bank's representative and its counsel in the state court action before disclosing a calculation of damages." (#19). Defendants ask this court to impose additional sanctions the court may feel are warranted to deter plaintiff from continuing this behavior. *Id.*

. . .

. . .

### 3. Relevant Law/Discussion

Pursuant to Rule 37(a)(5)(A), "if the disclosure or requested discovery is provided after the motion was filed--the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). As plaintiff provided defendants with the computation of damages (#19 Exhibit D) *after* defendants filed the motion to compel (#17), plaintiff must pay defendants' reasonable expenses incurred in bringing the motion. *Id.* Defendants submit to the court that they incurred $4,033.50 in bringing the motion to compel (#19), and provided the court with a declaration explaining what work was done and how many hours were expended (#19 Exhibit F). Upon a review of the declaration (#19 Exhibit F) and the relevant facts, the court finds that $500.00 is a reasonable amount of expenses. Fed. R. Civ. P. 37(a)(5)(A). Plaintiff is ordered to pay defendants $500.00 in expenses, including attorneys' fees, on or before October 25, 2012.

Under Rule 11(b)(3), "[b]y presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b)(3). "If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1).

Although defendants do not titled the reply a Motion For Rule 11 Sanctions, under the heading "Plaintiff's Counsel Has Failed His FRCP 11 Obligations," defendants assert that plaintiff's counsel

violated Rule 11, and "request any additional sanctions the [c]ourt may feel are warranted to deter this conduct in the future." (#19).   Defendants' request for additional sanctions for the alleged Rule 11 violation is denied, as defendants did not comply with Rule 11(c)(2)[1].

Accordingly and for good cause shown,

IT IS ORDERED that Steven R. Cole et al's Motion To Compel Computation of Damages and For Sanctions (#17) is GRANTED in part and DENIED in part, as discussed above.

IT IS FURTHER ORDERED that, on or before October 25, 2012, plaintiff must pay defendants $500.00 for expenses incurred in association with filing the motion to compel.

DATED this 11th day of October, 2012.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE

---

[1] "A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." Fed. R. Civ. P. 11(c)(2).