UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BANK OF LAS VEGAS, A NEVADA CORPORATION, AS SUCCESSOR BY STATUTORY MERGER TO DESERT COMMUNITY BANK,<br><br>Plaintiff,<br><br>v.<br><br>STEVEN R. COLE, SUZANNE WHITTAKER, DAN R. RICHARDS AND SOUTHWEST APPRAISAL ASSOCIATES INC.,<br><br>Defendants. | Case No. 2:12-cv-00940-MMD-VCF<br><br>ORDER<br><br>(Def.'s Motion to Dismiss – dkt. no. 6; Def.'s Motion to Dismiss – dkt. no. 9) |

**I.   SUMMARY**

Before the Court are Defendant Dan R. Richards' Motion to Dismiss (dkt. no. 6), and Defendants Steven R. Cole and Southwest Appraisal Associates Inc.'s Motion to Dismiss (dkt. no. 9).  For the reasons discussed below, the Motions are denied.

**II.   BACKGROUND**

This is a professional malpractice and negligence action brought by a bank against a real estate appraisal company.  According to the Complaint, Defendants Steven R. Cole, and Dan R. Richards[1] controlled Defendant Southwest Appraisal Associates (collectively "Defendants") as an alter ego of themselves.  Defendants

---

[1] The Complaint also listed Suzanne Whittaker as a defendant, but Plaintiff has since voluntarily dismissed all claims against her.

conducted an appraisal of a parcel of real property, but allegedly failed to accurately appraise the property and made other material errors in the appraisal. In reliance upon the allegedly faulty appraisal, Plaintiff Bank of Las Vegas ("Plaintiff") extended a loan to borrowers. Plaintiff alleges that it would not have extended the loan if the appraisals had been accurate.

After default, foreclosure, and presumably a deficiency, Plaintiff brought this action to recover expenses associated with the foreclosure against Defendants alleging negligence, professional malpractice, breach of statutory duty, and negligent misrepresentation. Defendant Dan R. Richards, through his counsel, brought a Motion to Dismiss on June 25, 2012. Defendants Steven R. Cole and Southwest Appraisal Associates, through the same counsel, brought a separate and essentially identical Motion to Dismiss ten days later. Both Motions sought dismissal only of the breach of statutory duty and negligent misrepresentation claims.

Plaintiff filed Responses to both Motions acquiescing to Defendants' arguments and requesting leave to amend. Plaintiff attached a Proposed First Amended Complaint (the "PFAC") in accordance with Local Rule 15-1. All Defendants jointly filed two replies, one urging the Court to not grant Plaintiff leave to amend and the other requesting sanctions for "improper discovery tactics." Although none of the parties properly brought their requests in the form of a motion, in the interest of judicial efficiency, the Court will address the request for leave to amend as it is connected to the Motions to Dismiss. The Court will consider Plaintiff's Responses as a motion for leave to amend and Defendants' Reply as the opposition to that motion. The Court will not, however, address the request for sanctions as this issue is unrelated to the Motions before the Court and was already addressed by the Magistrate Judge in the Order on the Motion to Compel (dkt. no. 20).

///
///
///

### III. DISCUSSION

#### A. Legal Standard

After the time for amendment as a matter of course has expired, a party may amend its complaint only by leave of the court or by the adverse party's written consent. Fed. R. Civ. P. 15(a)(2). The court has discretion to grant leave and should freely do so "when justice so requires." *Id.*; *see also Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990). A district court should grant leave to amend unless "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Bananno v. Thomas*, 309 F.2d 320, 322 (9th Cir. 1962). Nonetheless, courts may deny leave to amend if it will cause: (1) undue delay; (2) undue prejudice to the opposing party; (3) the request is made in bad faith; (4) the party has repeatedly failed to cure deficiencies; or (5) the amendment would be futile. *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008).

When seeking leave to amend a pleading, Local Rule 15-1 requires the moving party to "attach the proposed amended pleading to any motion to amend so that it will be complete in itself without reference to the superseding pleading." A proposed amendment is futile if no set of facts can be proved under the amendment that would constitute a valid claim or defense. *Farina v. Compuware Corp.*, 256 F.Supp.2d 1033, 1061 (9th Cir. 2003) (quoting *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988)). The standard of review is akin to that undertaken by a court in determining the sufficiency of a pleading challenged in a Rule 12(b)(6) motion to dismiss. *Id.* (quoting *Miller*, 845 F.2d at 214). Under this standard, a district court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). When the claims in a complaint have not crossed the line from conceivable to plausible, plaintiff's complaint must be dismissed. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

///
///

**B.     Discussion**

Defendants' Motions to Dismiss seek dismissal of Plaintiff's breach of statutory duty claim and negligent misrepresentation claim arguing that NRS 645C.470, the allegedly violated statute, does not provide a private cause of action, and that negligent misrepresentation must be plead with particularity under Fed. R. Civ. P. 9(b). Defendants additionally seek to strike references to fictitious parties arguing that the Federal Rules of Civil Procedure do not provide for naming fictitious parties in a complaint.  In the Responses, Plaintiff acquiesces to all of Defendants' arguments and requests leave to amend, attaching the PFAC, which changes the breach of statutory duty claim to a negligence per se claim, adds significantly more facts to the negligent misrepresentation claim, and eliminates all fictitious parties.  Thus, Plaintiff seems to agree that dismissal of the original complaint is proper.  However, if the Court grants the desired leave to amend, the pending Motions to Dismiss are moot.  Consequently, the question before the Court on this Motion is whether or not leave to amend is warranted.

Defendants argue that leave to amend should not be granted because the PFAC does not cure the deficiencies of the former Complaint and is therefore futile. Specifically, Defendants argue that the substitution of a negligence per se claim for breach of statutory duty is simply an attempt to circumvent the fact that the statute does not authorize a private right of action.  Notably, Defendants do not argue that the PFAC's claim for negligent misrepresentation is inadequate.  Thus, the Court must assume that Defendants view the PFAC as adequately stating a claim for negligent misrepresentation.  Consequently, the Court will only analyze the negligence per se claim.

Plaintiff alleges negligence per se based on the violation of NRS 645C.470, which makes licensed appraisers guilty of unprofessional conduct if they, among other things, fail to disclose material information that they know or should know through reasonable care.  NRS 645C.470(3).  Defendants argue that because only the State Commission may enforce the statute, it is administrative in nature and does not set a standard of care

for appraisers. Defendants urge the Court to adopt the 4th Circuit's interpretation of Virginia law articulated in *Talley v. Danek Medical, Inc.*, 179 F.3d 154 (4th Cir. 1999), which holds that statutory requirements administrative in nature, such as licensing and reporting requirements, do not impose a standard of care for purposes of negligence per se claims. In this manner, the negligence per se doctrine does not become "a magic transforming formula that automatically creates a private right of action for the civil enforcement in tort law, of every statute." *Id*. at 158.

The Court need not look to the law in foreign jurisdictions because Nevada courts limit negligence per se claims in a different manner. Under Nevada law, violation of a statute constitutes negligence per se where 1) the injured party belongs to the class of persons that the statute was intended to protect, and 2) the injury suffered is of the type the statute was intended to prevent. *Vega v. Eastern Courtyard Associates*, 24 P.3d 219, 221 (Nev. 2001). Additionally, a plaintiff must still show that the violation of the statute was the proximate cause of his injury. *See Paso Builders, Inc. v. Hebard*, 426 P.2d 731, 736 (Nev. 1967). These limitations prevent the negligence per se doctrine from becoming a civil enforcement mechanism for every statutory violation as violations of statutes more administrative in nature lack at least one of the above requirements and, consequently, do not result in tort duties. *See e.g. Sanchez ex rel. Sanchez v. Wal-Mart Stores, Inc.*, 221 P.3d 1276, 1283 (Nev. 2009) (statute that regulates communication of information regarding the administration of prescription drugs was not intended to protect unidentifiable third parties); *Sagebrush Ltd. v. Carson City*, 660 P.2d 1013, 1014 (Nev. 1983) (statute requiring local government to forward copies of tentative subdivision maps to Division of Water Resources was not meant to protect developers from monetary loss); *Van Cleave v. Kietz-Mill Minit Mart*, 633 P.2d 1220, 1221 (Nev. 1981) (sale of alcohol to a minor was not the proximate cause of a traffic accident).

Here, NRS 645C.470(3) seeks to protect parties involved in the purchase of real estate who rely on the information provided by licensed appraisers. A bank lending money to a developer would certainly be within this class of persons. Further, the

statute seeks to protect those persons from the financial consequences of decisions resulting from incomplete or inaccurate information provided by the appraiser. The harm articulated in the PFAC is this type of injury. Finally, the PFAC alleges that had full and accurate disclosure taken place, Plaintiff would not have extended the loan. This establishes causation. The limitations on the negligence per se doctrine under Nevada law do not apply. Furthermore, even under the 4th Circuit's construction of the negligence per se doctrine, NRS 645C.470(3) is not similar to a statute requiring a license or report to be made but, rather, it imposes substantive obligations on professional appraisers regarding their disclosures. Thus, under both constructions, the terms of NRS 645C.470(3) do not automatically preclude a claim for negligence per se.

Plaintiff has sufficiently pled facts that allow the Court to draw an inference that Defendants are liable. As such, the PFAC is not futile, and the Court grants leave to amend. Because Plaintiff's PFAC adequately resolves the deficiencies complained of in the Motions to Dismiss, both Motions are denied.

**III.  CONCLUSION**

IT IS THEREFORE ORDERED that Defendant Dan R. Richard's Motion to Dismiss is DENIED.

IT IS FURTHER ORDERED that Defendants Steven R. Cole and Southwest Appraisal Associates, Inc.'s Motion to Dismiss is DENIED.

IT IS FURTHER ORDERED that Plaintiff is granted leave to amend its Complaint. Plaintiff is instructed to file the Proposed First Amended Complaint within 5 days of this Order.

DATED THIS 7th day of November, 2012.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE